UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RANDY MARVIN SWISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-773 WL |
| | ) | |
| RANDALL T. SHEPARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Randy Marvin Swisher, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. (DE 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, a *pro se* complaint must be liberally construed, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

This case represents Swisher's latest attempt to challenge his state conviction through improper means. Swisher is suing five justices from the Indiana Supreme Court for "depriving him of his civil rights by violating his 14th Amendment due process rights, 14th Amendment equal protection rights, and his 6th amendment right to prepare an effective defense, guaranteed by [the] United States Constitution." He seeks an order requiring the justices to provide him with

transcripts and an "evidentiary hearing," so he can demonstrate that jury tampering and other errors occurred during his state criminal trial. (DE 1-1.)

Swisher filed a similar lawsuit against judges of the Indiana Court of Appeals earlier this year, which was dismissed pursuant to 28 U.S.C. § 1915A. *Swisher v. Indiana Court of Appeals, et al.*, No. 3:13-CV-512-JD (N.D. Ind. order dated June 6, 2013). He also previously sought federal habeas relief challenging his 2008 state conviction. *See Swisher v. Superintendent*, No. 3:10-CV-229-RL (N.D. Ind. order dated Sept. 2, 2011.) He appealed the denial of his petition, but the U.S. Court of Appeals for the Seventh Circuit denied his request for a certificate of appealability. *Id.*, DE 33-1. He later filed an unauthorized successive petition attempting to assert new claims, and was told that he could not do so unless he obtained authorization from the Seventh Circuit. *Swisher v. Superintendent*, No. 3:12-CV-128-TS (N.D. Ind. order dated May 1, 2012.) He appealed this decision too, but the Seventh Circuit once again denied his request for a certificate of appealability. *Id.*, DE 25-9. Swisher was also recently restricted from filing any additional documents in his closed habeas case, after he filed multiple frivolous documents arguing that the case had been wrongly decided. *See Swisher*, No. 3:10-CV-229-RL, DE 41.

As Swisher was told in his prior lawsuit against the appellate court judges, his claims cannot proceed. The state justices are entitled to absolute immunity for acts performed within their judicial capacity, including any rulings made in connection with Swisher's appeals. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Immunity applies even if, as Swisher alleges, they acted erroneously in denying his request for transcripts and/or an evidentiary hearing. *Id.* at 661. Moreover, any relief connected with overturning Swisher's state conviction can only be pursued under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism

and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

Swisher argues at length that he is only seeking injunctive relief in this action, however, this claim fares no better. As the Seventh Circuit has explained:

> A civil rights suit is no more a proper method of collateral attack on a conviction when an injunction is sought than when damages are sought. The latter route is blocked by *Heck* and the former by such decisions as *Preiser v. Rodriguez*, 411 U.S. 475, 487, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Whitlock v. Johnson*, 153 F.3d 380, 389 (7th Cir. 1998), and *Scruggs v. Moellering*, 870 F.2d 376, 379 (7th Cir. 1989).

*Hoard v. Reddy*, 175 F.3d 531, 532-33 (7th Cir. 1999). In other words, any relief aimed at reopening his post-conviction proceeding or obtaining an evidentiary hearing to challenge his state conviction can only be pursued in a federal habeas proceeding. As stated above, Swisher already pursued federal habeas relief, but he cannot obtain a second bite at the apple simply by recasting his claims. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see also Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (observing that "collateral attacks disguised as civil rights actions should be dismissed"). Accordingly, this action will be dismissed. Swisher is cautioned that if he persists in pressing these frivolous claims, he risks the imposition of monetary sanctions and/or filing restrictions.

For the reasons set forth above, the complaint (DE 1) is DISMISSED pursuant to 28 U.S.C. § 1915A.


SO ORDERED.

ENTERED: August 5, 2013

 s/William C. Lee
William C. Lee, Judge
United States District Court